## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANDRE JOHNSON (#375946)**  CIVIL ACTION NO.

**VERSUS**  19-856-SDD-SDJ

**EDWARD RUSS**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 22, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                        CIVIL ACTION NO.

VERSUS                                                                19-856-SDD-SDJ

EDWARD RUSS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the undersigned recommends the plaintiff's claims be dismissed with prejudice for as legally frivolous and for failure to state a claim upon which relief may be granted.

**I.   Background**

The *pro se* Plaintiff, Andre Johnson, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, instituted this action pursuant to 42 U.S.C. § 1983 against Edward Russ, alleging violations of his civil rights.[1] Johnson specifically complains that Russ falsified a disciplinary report.[2] Johnson complains that Russ stated in a disciplinary report that he used chemical agent on Johnson to gain his compliance, but Johnson specifically alleges that Russ did not use chemical agent on him at all.[3] Plaintiff alleges that "because the numerous false disciplinary reports is [sic] part of a patter [sic] of fabricated rulings taken against [Johnson] that have effected his pardon board. Andre Johson [sic] pardon board have been cancel because the numerous false disciplinary charges, he will now have to start his pardon board five years from this fabricated appeal."[4] Johnson seeks declaratory and monetary relief.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 2.
[3] R. Doc. 1, pp. 2, 7.  Russ "did 'NOT' spray Andre Johnson with a chemical agent on tiger-1-Right-tier inside the shower as Edward Russ fabricated he did."
[4] R. Doc. 1, p. 8.
[5] R. Doc. 1, p. 10.

## II. Law & Analysis

### a. Applicable Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal[6] and afford a court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; seeks monetary relief against a defendant who is immune from such relief; or fails to state a claim on which relief may be granted.[7]

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[8] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[9] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[10] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of the § 1915 analysis.[11]

---

[6] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on February 10, 2020. (R. Doc. 11).
[7] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[8] *Denton v. Hernandez*, 504 U.S. 25, 32-33.
[9] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[10] *Denton*, 504 U.S. at 32.
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

2

Courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii).[12] All well-pleaded facts are accepted as true and viewed in the light most favorable to plaintiff.[13] To survive the screening process, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

### b. Johnson's sole claim regarding the falsified disciplinary report issued by Russ should be dismissed with prejudice as legally frivolous

Plaintiff claims he was denied due process because he was not "afforded due process as specified in" *Wolff v. McDonnell*[16] because he was not given written notice of the disciplinary charge more than twenty-four hours in advance of the hearing.[17] Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[18] In *Edwards v. Balisok*,[19] the United States Supreme Court found that the *Heck* rule applies in the context of a prisoner's claim regarding the deprivation of good time credits lost in connection with a disciplinary proceeding. Specifically, in *Edwards*, the claim was similar to that here and involved alleged deceit and bias on the part of the decisionmaker that necessarily implied the invalidity of the punishment imposed, so the claim was

---

[12] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[13] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[15] *Id.*
[16] 418 U.S. 539 (1974).
[17] R. Doc. 1, p. 7.
[18] *Mercer v. LeBlanc*, Civil Action No. 19-754, 2020 WL 390904, *2 (M.D. La. Jan. 13, 2020).
[19] 520 U.S. 641, 648 (1997).

3

not cognizable under § 1983.[20] An allegation that an inmate was denied due process with respect to disciplinary proceedings wherein false disciplinary charges were filed against that inmate is barred by *Heck v. Humphrey*, unless the inmate demonstrates that he has obtained habeas corpus relief with respect to that punishment.[21] Because Johnson's disciplinary convictions have not been overturned, per his allegations, his claims regarding due process in the disciplinary proceedings are barred by *Heck*.

Johnson's retaliation claim, in which he alleges that the report was "falsified in retaliation for Andre Johnson filing numerous ARP(s) and law suits"[22] also fails.[23] Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.[24] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[25]

---

[20] *Id.* at 648.
[21] *Sauceda v. Williams*, 206 Fed.Appx. 400, 401 (5th Cir. 2006) (affirming a district court's judgment that allegations of a false disciplinary charge were barred by *Heck*). *Digges v. Jeffcoat*, 149 F.3d 1177 (5th Cir. 1998) (affirming dismissal as frivolous of an inmate's claim that his due process rights were violated in disciplinary proceedings arising from false disciplinary charges because the claim called into question the lawfulness of his punishment, and he had not demonstrated that he had obtained habeas corpus relief with regard to the punishment as required by *Heck*). *Hodges v. Frasier*, 176 F.3d 479, *3 (5th Cir. 1999).
[22] R. Doc. 9, p. 7.
[23] Though related to the disciplinary proceedings, it is not entirely clear whether *Heck* bars the retaliation claim, so it is evaluated on the merits. *Muse v. Sheriff's Dept., Ouachita Parish*, 405 Fed.Appx. 872, * 1 (5th Cir. 2010) indicates the retaliation claim is not barred. However, *Hanna v. Maxwell*, 548 Fed. Appx. 192, n. 4 (5th Cir. 2013) (Garza, J. concurring) (collecting cases) indicates that whether a retaliation claim is barred by *Heck* is not so clear.
[24] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[25] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).

Johnson's conclusory allegations that false disciplinary charges were filed against him for his filing of previous lawsuits and grievances are insufficient to state a claim for retaliation.[26] Johnson's claims are devoid of specific facts regarding the previous grievances or lawsuits that allegedly served as the motivation for the retaliatory action; his claims are entirely conclusory and do not support an inference of a retaliatory motive on account of any prior grievances or lawsuits.[27] "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs."[28] Thus, Plaintiff's claims of retaliation fail.

To the extent Johnson alleges a conspiracy, those claims also fail. A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must plead the operative facts upon which their claim is based.[29] "Bald allegations that a conspiracy existed are insufficient."[30] Thus, though it appears as though Johnson is alleging that various actors conspired to falsify disciplinary reports against him, such claims lack merit.

### c. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Johnson seeks to have this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if those claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[31] Having recommended that all of Johnson's federal claims be dismissed with prejudice, it is further recommended that the exercise of supplemental jurisdiction be declined.

---

[26] *Williams v. Dretke*, 306 Fed.Appx. 164, 167 (5th Cir. 2009) (affirming dismissal of retaliation claims where the plaintiff failed to provide specific facts about the previous actions that were the alleged motivation for retaliation).
[27] *Id.*
[28] *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).
[29] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[30] *Id.*
[31] 28 U.S.C. § 1367.

5

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[32]

If the recommendation for dismissal of all federal claims is adopted, **IT IS FURTHER RECOMMENDED** that Johnson's pending Motion for Appointment of Counsel[33] be **DENIED**, the Court decline to exercise supplemental jurisdiction over any state law claims, and this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on July 22, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.
[33] R. Doc. 6.