# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                CIVIL ACTION NO.

VERSUS                                 19-856-SDD-SDJ

EDWARD RUSS

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANDRE JOHNSON (#375946)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-856-SDD-SDJ** |
| **EDWARD RUSS** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Amended Complaint[1] of Andre Johnson, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the undersigned recommends Johnson's claims be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

I.  **Background**

Johnson instituted this action pursuant to 42 U.S.C. § 1983 against Edward Russ, alleging violations of his civil rights.[2] This Court previously dismissed Johnson's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A as legally frivolous and for failure to state a claim.[3] Johnson appealed, and the Fifth Circuit vacated the Court's ruling and remanded because the Court had not allowed Johnson an opportunity to amend his Complaint prior to dismissal.[4] The Fifth Circuit did not opine on the merits of Johnson's claims; rather, it merely concluded that Johnson had not alleged his best case and deserved an opportunity to amend prior to dismissal.[5] Accordingly, upon remand, this Court provided Johnson with an opportunity to amend his Complaint to state his best case and cure the deficiencies of his claims, if and where possible.[6] Johnson thereafter filed an

---

[1] R. Doc. 35.
[2] R. Doc. 1.
[3] R. Docs. 17 & 19.
[4] R. Doc. 30.
[5] R. Doc. 30.
[6] R. Doc. 32.

Amended Complaint, which is now the operative complaint for this lawsuit.[7] In the Amended Complaint, Johnson makes the same basic allegations that Russ falsified a disciplinary report with retaliatory intent and that his due process rights were violated in connection with the hearing on the false disciplinary report.[8] Johnson seeks injunctive and monetary relief.[9]

## II. Law & Analysis

### a. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal[10] and afford a court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; seeks monetary relief against a defendant who is immune from such relief; or fails to state a claim on which relief may be granted.[11]

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the

---

[7] R. Doc. 35.
[8] R. Doc. 35, pp. 5-8.
[9] R. Doc. 35, p. 9.
[10] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on February 10, 2020. (R. Doc. 11).
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[12] *Denton v. Hernandez*, 504 U.S. 25, 32-33.

2

complaint alleges the violation of a legal interest which clearly does not exist."[13] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[14] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of the § 1915 analysis.[15] Courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii).[16] All well-pleaded facts are accepted as true and viewed in the light most favorable to plaintiff.[17] To survive the screening process, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

### b. Johnson's Claims Regarding the False Disciplinary Report Fail

Johnson alleges Russ "fabricated" a false disciplinary report against Johnson in retaliation for Willie Washington and Tyron Kelly.[20] Johnson alleges Washington sprayed Johnson "maliciously," after which, Kelly also sprayed Johnson "maliciously."[21] Though Johnson states Russ fabricated a report in retaliation; he goes on to state that the report was fabricated to "cover up" for Washington and Kelly.[22]

---

[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] *Denton*, 504 U.S. at 32.
[15] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[16] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[17] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id.*
[20] R. Doc. 35, p. 5.
[21] R. Doc. 35, p. 5.
[22] R. Doc. 35, p. 7.

Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.[23] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[24] Johnson's retaliation claim fails on the first factor: the Court does not glean from the Amended Complaint that Johnson was attempting to exercise any specific constitutional right that caused the issuance of the allegedly false disciplinary report.[25] Rather, Johnson's allegations indicate Russ fabricated the disciplinary report to "cover up" for two other guards who allegedly used excessive amounts of chemical spray against Johnson. Johnson does not indicate the issuance of the false disciplinary report was motivated by anything he did. Accordingly, Johnson has failed to state a claim for retaliation.[26]

Johnson's claim regarding due process remains subject to dismissal for the same reasons previously stated,[27] which are restated below:

---

[23] *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).
[24] *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999).
[25] In Johnson's original complaint, he indicated the retaliation was motivated by his filing of grievances, so the Court ordered him to amend to give pertinent details regarding those grievances. R. Docs. 1, 17, & 32. Rather than providing those details, Johnson has amended to state the false disciplinary report was issued as a "cover up" to other officers' actions. R. Doc. 35.
[26] *See Lindsey v. Dallas County Jail Sheriff's Dept.*, No. 18-1588, 2018 WL 7081979, at * 3 (N.D. Tex. Dec. 31, 2018) (dismissing as frivolous a claim that a false disciplinary report was issued to cover up an assault by an officer because the issuance of the report was not in response to the exercise of a constitutional right and therefore, could not state a claim of retaliation).
[27] The Fifth Circuit made no mention of this claim in its opinion; it only noted that Johnson should be allowed leave to amend with respect to the retaliation claim. R. Doc. 30. Presumably because leave to amend the due process claim would be futile, considering that no amendment could cure the deficiencies of the claim.

>Plaintiff claims he was denied due process because he was not "afforded due process as specified in" *Wolff v. McDonnell*[28] because he was not given written notice of the disciplinary charge more than twenty-four hours in advance of the hearing.[29] Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[30] In *Edwards v. Balisok*,[31] the United States Supreme Court found that the *Heck* rule applies in the context of a prisoner's claim regarding the deprivation of good time credits lost in connection with a disciplinary proceeding. Specifically, in *Edwards*, the claim was similar to that here and involved alleged deceit and bias on the part of the decisionmaker that necessarily implied the invalidity of the punishment imposed, so the claim was not cognizable under § 1983.[32] An allegation that an inmate was denied due process with respect to disciplinary proceedings wherein false disciplinary charges were filed against that inmate is barred by *Heck v. Humphrey*, unless the inmate demonstrates that he has obtained habeas corpus relief with respect to that punishment.[33] Because Johnson's disciplinary convictions have not been overturned, per his allegations, his claims regarding due process in the disciplinary proceedings are barred by *Heck*.

Johnson's amendment does not change the above analysis at all, as it remains clear that the disciplinary conviction has not been overturned because Johnson requests that the report be expunged from his record.[34]

### c. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Johnson seeks to have this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if those claims substantially

---

[28] 418 U.S. 539 (1974).
[29] R. Doc. 1, p. 7.
[30] *Mercer v. LeBlanc*, Civil Action No. 19-754, 2020 WL 390904, *2 (M.D. La. Jan. 13, 2020).
[31] 520 U.S. 641, 648 (1997).
[32] *Id.* at 648.
[33] *Sauceda v. Williams*, 206 Fed.Appx. 400, 401 (5th Cir. 2006) (affirming a district court's judgment that allegations of a false disciplinary charge were barred by *Heck*). *Digges v. Jeffcoat*, 149 F.3d 1177 (5th Cir. 1998) (affirming dismissal as frivolous of an inmate's claim that his due process rights were violated in disciplinary proceedings arising from false disciplinary charges because the claim called into question the lawfulness of his punishment, and he had not demonstrated that he had obtained habeas corpus relief with regard to the punishment as required by *Heck*). *Hodges v. Frasier*, 176 F.3d 479, *3 (5th Cir. 1999).
[34] R. Doc. 35, p. 9. *See White v. Fox*, 294 Fed.Appx. 955, 961 (5th Cir. 2008) (request that disciplinary board's decision be expunged barred by *Heck*).

predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[35]  Having recommended that all of Johnson's federal claims be dismissed with prejudice, it is further recommended that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over potential state law claims and that the claims of Andre Johnson contained in the Amended Complaint[36] be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on October 21, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] 28 U.S.C. § 1367.
[36] R. Doc. 35.